Filed 3/26/24  P. v. Woods CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B327938 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA454486) |
| v. | |
| ROBERT CLAY WOODS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Karla D. Kerlin, Judge.  Affirmed.

Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Robert Clay Woods appeals from an order denying his petition for resentencing under Penal Code section 1172.6.[1]  His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and appellant filed a supplemental brief.  We review the contentions appellant raises in his supplemental brief and affirm the order.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 10, 2017, the Los Angeles County District Attorney filed an information charging appellant with attempted willful, deliberate, and premeditated murder (§§ 187, subd. (a), 664) and felony vandalism (§ 594, subds. (a), (b)(1)).  The information further alleged that appellant personally inflicted great bodily injury upon the attempted murder victim (§ 12022.7, subd. (a)), and personally and intentionally discharged a handgun during that crime (§ 12022.53, subd. (c)), causing great bodily injury to the victim (§ 12022.53, subd. (d)).

At trial, the trial court instructed the jury with CALCRIM pattern jury instructions, including those on attempted murder (CALCRIM No. 600), deliberation and premeditation (CALCRIM No. 601), and the firearm and great bodily injury enhancements (CALCRIM Nos. 3148, 3149, 3160).  The court did not instruct the jury on aiding and abetting (CALCRIM Nos. 400, 401) or the natural and probable consequences doctrine (CALCRIM Nos. 402, 403).  The jury found appellant guilty of attempted murder and misdemeanor vandalism, and found the firearm and great bodily injury enhancements true.  However, the jury found not true the allegation that the attempted murder was willful, deliberate, and premeditated.  The trial court declined to strike the firearm

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

enhancements and sentenced appellant to the midterm of seven years on the attempted murder conviction, plus three years for the great bodily injury enhancement and 25 years to life for the section 12022.53, subdivision (d) firearm enhancement.  It imposed and stayed sentence of 20 years on the section 12022.53, subdivision (c) firearm allegation and imposed a concurrent sentence of two years for the vandalism conviction.

Appellant challenged his sentence on direct appeal.  In an unpublished opinion filed on March 26, 2019, a different panel of this court rejected appellant's argument that the trial court abused its discretion by declining to strike the section 12022.53, subdivision (d) enhancement.  (See *People v. Woods* (Mar. 26, 2019, B289477) [nonpub. opn.].)  It agreed with appellant, however, that the trial court erred by failing to stay the three-year term for the great bodily injury enhancement and by sentencing appellant to a term of two years for misdemeanor vandalism.  The appellate court modified judgment to stay execution of the three-year term for the great bodily injury enhancement, vacated the sentence on the vandalism conviction, and remanded the matter for the trial court to resentence appellant for misdemeanor vandalism.  It affirmed the judgment in all other respects.

On October 18, 2021, appellant filed a form petition for resentencing under former section 1170.95, now section 1172.6.[2] A few days later, he also filed a petition for resentencing under Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721,

---

[2]     Effective June 30, 2022, former section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

§ 1) (SB 81). The trial court summarily denied the SB 81 petition on October 27, 2021, holding that appellant was ineligible for relief because SB 81 by its terms applies only prospectively. The trial court appointed counsel to represent appellant in connection with his section 1172.6 petition. The trial court subsequently continued the matter several times at appellant's request.

On October 17, 2022, the trial court ordered the prosecution to respond to appellant's section 1172.6 petition. In its response, filed December 1, 2022, the prosecution argued that appellant was ineligible for relief under section 1172.6 because his jury was not instructed on the natural and probable consequences doctrine or aiding and abetting principles. The prosecution attached the jury instructions, verdict forms, and the previous appellate opinion to its filing. Appellant filed a reply the same day. He argued that his petition "alleged all the elements of a prima facie case" and he was therefore entitled to an order to show cause and evidentiary hearing.

The court heard the petition on December 19, 2022. Appellant submitted on the briefing, and the prosecution argued that appellant was ineligible for relief. The court agreed with the prosecution that appellant was ineligible for relief as a matter of law. It filed a written ruling stating that its review of "the Information [*sic*], the minute orders, the verdict forms, and the jury instructions" led it to conclude that appellant "was not convicted on a theory of natural and probably [*sic*] consequences, felony murder, or even under an aider and abettor theory of liability." The court stated, "the record shows that Petitioner is not eligible for relief as a matter of law. The jury instructions given to the jury confirm that Petitioner was not convicted of murder based on the natural and probable consequence [*sic*]

4

doctrine, felony murder, or any other theory whereby malice could be imputed to him based solely on his participation in a crime." The court further stated that it had "not engaged in any factfinding involving the weighing of evidence or the exercise of discretion to reach the conclusion that Petitioner has failed to state a prima facie case," and "did not decide unresolved factual issues that involve credibility determinations or weighing of evidence."

Appellant timely appealed.

## DISCUSSION

Appellant's appointed attorney filed a brief raising no issues and requesting that this court proceed pursuant to *Delgadillo, supra*, 14 Cal.5th 216. This court advised appellant of his right to file a supplemental brief (see *Delgadillo, supra*, 14 Cal.5th at pp. 231-232), and appellant did so. We evaluate the arguments set forth in that supplemental brief. (See *id.* at p. 232 ["If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)

In his supplemental brief, appellant requests "a full resentencing hearing." He contends that the jury's verdict on the attempted murder count and its true findings on the enhancement allegations were not supported by sufficient evidence. Regarding the enhancements, he contends, as he did on direct appeal, that he "was entitled to relief under Senate Bill 620," which gave trial courts discretion to strike firearm enhancements. He further contends that he "is now entitled to relief under Senate Bill 81" as well as section 1473 (habeas

5

corpus) and Senate Bill 97, which amended section 1473 effective January 1, 2024.

Appellant also argues that his trial counsel rendered ineffective assistance by failing to "object to a[n unspecified] Fourth Amendment violation," "investigate the victim when he showed up a day before trial," "file a motion for a 'gatekeeper hearing' to be able to cross-exam [*sic*] the qualifications and credentials of the prosecutor [*sic*] expert witness Justin Benson," file a motion to strike Benson's testimony, retain "a medical examiner to evaluate" unspecified evidence, file a motion to dismiss the case, and "object to the disproportionality of the sentence base [*sic*] on erroneous enhancement evidence." Appellant additionally asserts that the prosecution impermissibly relied on case-specific hearsay, committed unspecified misconduct, and possibly failed to comply with its obligations under *Brady v. Maryland* (1963) 373 U.S. 83. He also asserts that the trial court "created a jurisdiction misconduct" by failing to dismiss the case in the interests of justice during trial.

None of these arguments relates to the section 1172.6 proceedings before the trial court below or at issue in this appeal. This is an appeal from the trial court's order denying appellant's petition for section 1172.6 relief based on its conclusion that the record demonstrates appellant's ineligibility as a matter of law. Our review of the record reveals that the trial correctly denied the petition.

Section 1172.6 provides that a person convicted of "attempted murder under the natural and probable consequences doctrine" may be eligible for resentencing. (§ 1172.6, subd. (a).) The record of conviction demonstrates that the jury was not instructed on the natural and probable consequences doctrine.

6

Appellant therefore could not have been convicted of attempted murder under that theory and is ineligible for relief under section 1172.6. (See *People v. Coley* (2022) 77 Cal.App.5th 539, 548.) Moreover, there is no indication that appellant's jury was instructed on the felony murder theory or any other theory of imputed-malice liability. (See § 1172.6, subd. (a).) Appellant's arguments collaterally attacking his conviction and sentence seek relief under other provisions and do not refute this conclusion or otherwise demonstrate that he is entitled to an order to show cause, an evidentiary hearing, or resentencing under section 1172.6.

## DISPOSITION

The order denying the petition for resentencing is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

COLLINS, J.

We concur:

CURREY, P.J.

MORI, J.

7